■  In the Matter of ANDREA PALMER, Petitioner, v JOHN RHEA, as Chair of the New York City Housing Authority, et al., Respondents. [910 NYS2d 650]—

Determination of respondent New York City Housing Authority (NYCHA), dated April 29, 2009, terminating petitioner's Section 8 subsidy on the ground that she engaged in abusive and threatening behavior toward NYCHA personnel, unanimously modified, on the law, to vacate the penalty of termination and remand the matter to NYCHA for imposition of a lesser penalty, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Marcy S. Friedman, J.], entered February 2, 2010), otherwise disposed of by confirming the remainder of the determination, without costs.

NYCHA's finding that petitioner engaged in abusive and threatening behavior towards NYCHA personnel (see 24 CFR 982.552 [c] [ix]; see also 982.1 [a] [1]) is supported by substantial evidence (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]), including, in particular, the testimony of the personnel involved (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). However, the penalty of termination of petitioner's Section 8 subsidy is so disproportionate to the offense as to shock our sense of fairness. While petitioner's conduct certainly should not be condoned, the incidents did not rise to the level of physical interaction, and nothing in the record shows that petitioner posed a risk to other tenants or had been a problematic tenant in the past (see Matter of Peoples v New York City Hous. Auth., 281 AD2d 259 [2001], citing Matter of Spand v Franco, 242 AD2d 210 [1997], lv denied 92 NY2d 802 [1998]; Matter of Winn v Brown, 226 AD2d 191 [1996], and Matter of Milton v Christian, 99 AD2d 984 [1984]). Concur—Tom, J.P., Andrias, Nardelli, Acosta and DeGrasse, JJ.